AO 442 (Rev. 11/11) Arrest Warrant

FILED BY___ mp ___D.C.

Dec 20, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▼

United States of America
v.

Alon Alexander

*Defendant*

24-MJ-4616-D'ANGELO

Case No.

24 CRIM 676

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*  Alon Alexander                                                                                            ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1594 - conspiracy to commit sex trafficking by force, fraud, and coercion
18 U.S.C. §§ 1591(a), (b)(1) and 2 - sex trafficking by force, fraud, and coercion, and aiding and abetting same

Date:      12/06/2024

*Issuing officer's signature*

**Tammi M. Hellwig**

City and state:   New York, New York

*Printed name and title*

| Return |
|--------|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

Southern District of New York ▾

**FILED BY** _mp_ **D.C.**

**Dec 20, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

| | | |
|---|---|---|
| United States of America | ) | **24-MJ-4616-D'ANGELO** |
| v. | ) | |
| | ) | Case No. |
| Oren Alexander | ) | |
| | ) | 24-CRIM 676 |
| Defendant | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Oren Alexander                                                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1594 - conspiracy to commit sex trafficking by force, fraud, and coercion
18 U.S.C. §§ 1591(a), (b)(1) and 2 - sex trafficking by force, fraud, and coercion, and aiding and abetting same

Date:     12/06/2024

*Issuing officer's signature*

**Tammi M. Hellwig**

City and state:     New York, New York

*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                                   |
| *Arresting officer's signature* |
| *Printed name and title* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**24-MJ-4616-D'ANGELO**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, | |
| Defendants. | |

**SUPERSEDING INDICTMENT**

S1 24 Cr. 676

### COUNT ONE
#### (Conspiracy to Commit Sex Trafficking)

The Grand Jury charges:

### OVERVIEW

1.     For well over a decade and at all times relevant to this indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER (collectively, the "ALEXANDER BROTHERS"), the defendants, worked together and with others known and unknown, to repeatedly and violently drug, sexually assault, and rape dozens of victims.  At times, the ALEXANDER BROTHERS arranged for these sexual assaults well in advance, using the promise of luxury experiences, travel, and accommodations to lure and entice women to locations where they were then forcibly raped or sexually assaulted, sometimes by multiple men, including one or more of the ALEXANDER BROTHERS.  Other times, the ALEXANDER BROTHERS encountered and chose their victims by chance.  Often, the ALEXANDER BROTHERS drugged their victims before assaulting them, preventing them from fighting back or escaping.

2.     ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, worked together and with others to carry out and facilitate their sex trafficking scheme,

including on some occasions by committing forcible rapes and sexual assaults together and with others, jointly arranging domestic and international travel and accommodations, and jointly financing the scheme.

## **BACKGROUND**

3.     ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, are brothers.  ALON ALEXANDER and OREN ALEXANDER are twins and TAL ALEXANDER is approximately one year older.  At all times relevant to this Indictment, OREN ALEXANDER and TAL ALEXANDER were real estate agents who focused on ultra-luxury markets in New York City, Miami, Florida, and other locations.  Since at least in or around 2012, ALON ALEXANDER has been an executive of a private security firm owned and operated by his family.

4.     Starting in at least in or about 2010, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, and others known and unknown, operated a long-running sex trafficking scheme, as part of which they raped and sexually assaulted women to whom they had provided material benefits, including domestic and international travel to vacation destinations, luxury accommodations at high-end hotels and vacation properties, and access to other luxury experiences and events.  The ALEXANDER BROTHERS' scheme was based in, among other places, Manhattan, New York and Miami, Florida, where the defendants maintained residences and where their businesses were based.

5.     To carry out and facilitate their sex trafficking scheme, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, used deception, fraud, and coercion, to cause victims to travel with them or meet them in private locations.  Thereafter, the ALEXANDER BROTHERS used various methods, including drugging the victims and, at times,

physical force, to rape and sexually assault the victims—sometimes alone and sometimes together. In particular, the defendants used the following means and methods, among others, to carry out their sex trafficking scheme:

a.      The ALEXANDER BROTHERS used their wealth and positions to create and facilitate opportunities to rape and sexually assault women.  In particular, on multiple occasions, OREN ALEXANDER and TAL ALEXANDER used their prominent positions in the real estate industry to induce other women to attend events and parties, and to meet other women at those events and parties, whom one or more of the defendants later sexually assaulted.

b.      The ALEXANDER BROTHERS worked together and with other men to arrange events and domestic and international trips they used as bait to recruit, entice, harbor, transport, and maintain multiple women.  During the events and trips, the defendants frequently raped and sexually assaulted the women they enticed to attend.

c.      At times, the ALEXANDER BROTHERS used social connections or the guise of starting a relationship to lure and entice women to meet with one or more of them at a public place or group event, or to travel to meet one or more of the defendants.  On multiple occasions, the defendants—alone or together—then sexually assaulted the woman, sometimes within hours of their meeting.  Immediately following the sexual assaults, the defendants sometimes offered the victims material items, including travel, concert tickets, and other luxury experiences.

d.      Some trips and events were organized by the ALEXANDER BROTHERS well in advance and involved domestic and international travel.  The ALEXANDER BROTHERS worked together and with others to recruit women to attend these events and trips.  The defendants, at times with others, shared photographs of women to select those they found sufficiently attractive

to invite.  The defendants and other men organizing the trip then contacted the women, including through social media or dating applications, and induced the women to attend by, among other things, offering to purchase their flights, making other travel arrangements, and/or providing accommodations without charge.

   e. In addition to inviting women to their events directly, the ALEXANDER BROTHERS and others worked with party promoters to arrange for women to attend events or travel with them, in order to ensure that there were a sufficient number of women present.

   f. On some occasions, after the women accepted the invitations to attend a particular event, the ALEXANDER BROTHERS transported women and caused women to be transported across state and international lines.  The defendants and other men attending the trips pooled financial resources in order to pay for flights and other travel expenses for the women.

   g. In advance of the events, the ALEXANDER BROTHERS and others procured drugs that they agreed to provide to the women, including, among other things, cocaine, mushrooms, and GHB.  On multiple occasions during these events and trips, the ALEXANDER BROTHERS and others surreptitiously drugged women's drinks.  Some of the victims experienced symptoms of impaired physical and mental capacity, including limitations of movement and speech and incomplete memories of events.

   h. The ALEXANDER BROTHERS, sometimes acting alone, sometimes with each other, and sometimes with other men, forcibly raped or sexually assaulted their victims.  At times, the defendants physically restrained and held down their victims during the rapes and sexual assaults and ignored screams and explicit requests to stop.

  6. The agreement between ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, encompassed numerous other acts of sexual violence in addition

to sexual assaults during planned trips and events.  On numerous occasions, the ALEXANDER BROTHERS drugged and raped or sexually assaulted women they encountered by chance, including women they met at bars and nightclubs, social events, and on dating applications.  The ALEXANDER BROTHERS similarly carried out these rapes and sexual assaults by, among other things, drugging and incapacitating victims, taking victims to isolated locations, physically restraining victims while raping and sexually assaulting them alone, together, and with other men, and ignoring victims' explicit demands to stop.

## STATUTORY ALLEGATIONS

7.      From at least in or about 2010, up to and including at least in or about 2021, in the Southern District of New York and elsewhere, in and affecting interstate commerce, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, and others known and unknown, knowingly, did combine, conspire, confederate and agree to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means, persons, and to benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the persons to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1), to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, and others known and unknown, agreed to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit women, including but not limited to Victim-1 and Victim-2, as alleged in Counts Two and Three respectively, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, would be used to cause the women, including but not

5

limited to Victim-1 and Victim-2, to engage in commercial sex acts.

(Title 18, United States Code, Section 1594(c).)

## COUNT TWO
### (Sex Trafficking of Victim-1 by Force, Fraud, or Coercion)

The Grand Jury further charges:

8.     In or about July 2011, in the Southern District of New York and elsewhere, TAL ALEXANDER, the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in commercial sex acts, to wit, TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Victim-1, and caused Victim-1 to engage in at least one commercial sex act, knowing, and in reckless disregard of the fact that Victim-1 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## COUNT THREE
### (Sex Trafficking of Victim-2 by Force, Fraud, or Coercion)

The Grand Jury further charges:

9.     In or about September 2016, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice,

harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(l) and (b)(l), to wit ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited, and aided and abetted the recruitment, enticement, harboring, transportation, obtaining, maintaining, patronizing, and soliciting of, Victim-2, and caused Victim-2 to engage in at least one commercial sex act, knowing, and in reckless disregard of the fact that Victim-2 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## **FORFEITURE ALLEGATIONS**

10.     As a result of committing the offenses alleged in Counts One through Three of this Indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offenses; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offenses.

**Substitute Assets Provision**

11.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third person;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

      (Title 18, United States Code, Sections 1594;
      Title 21, United States Codes, Section 853; and
      Title 28, United States Code, Section 2461.)

FOREPERSON   12/11/24

Damian Williams
DAMIAN WILLIAMS
United States Attorney

8