AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 24-MJ-04626-EFD |
| Alon Alexander, ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 09/16) Order of Detention Pending Trial

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III – Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong

☒ Subject to lengthy period of incarceration if convicted

☐ Prior criminal history

☐ Participation in criminal activity while on probation, parole, or supervision

☐ History of violence or use of weapons

☐ History of alcohol or substance abuse

☐ Lack of stable employment

☐ Lack of stable residence

☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district

☒ Significant family or other ties outside the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant ALON ALEXANDER ("ALEXANDER")[1] is charged with one count of Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1954(c), and one count of Sex Trafficking by Force, Fraud and Coercion, in violation of 18 U.S.C. § 1591(a), (b)(1), and (2).

On December 30, 2024 and January 3, 2025, this Court held a hearing pursuant to 18 U.S.C. § 3142(f)(1) and (f)(2) to determine whether ALEXANDER should be detained pending trial. The government moved for pre-trial detention premised on both danger to the community and serious risk of flight. For the reasons stated at the hearing, hereby incorporated into this Order, the Court orders Defendant ALON ALEXANDER's pre-trial detention based upon risk of flight.

The facts, as proffered by the government, established that ALEXANDER and his coconspirators have been charged in a sex trafficking conspiracy spanning 11 years, from 2010-2021. However, there is evidence to support that ALEXANDER has been engaged in this kind of conduct for approximately 20 years. The government submitted that approximately 42 women have come forward to report that ALEXANDER and/or his co-conspirators lured the victims to another destination under the promise of luxury accommodations and/or travel destinations, drugged them, and violently sexually assaulted the victims. Some victims reported that they were held down and/or were unable to move during the assaults due to the effects of drugs that they were given by ALEXANDER and/or other conspirators.

ALEXANDER has international contacts, which include his wife and his parents, who have Israeli citizenship, family living in Israel, a family residence in Israel, as well connections through his family to Brazil. The government also proffered that ALEXANDER frequently travels internationally, including to Israel and the Bahamas, and usually travels to these destinations by private jet and/or boat. These travel arrangements are also frequently done at a moment's notice and not scheduled in advance.

While there is a rebuttable presumption in this case and while the Court does find that the allegations in this case are extremely serious and that the alleged conduct does present a danger to the public, the Court also finds that there exists a combination of conditions that could mitigate this concern and reasonably assure the safety of the community.

With respect to risk of flight, however, the Court finds that there are no conditions or combination of conditions that would reasonably assure ALEXANDER's appearance as required.  Here, ALEXANDER proposed an alternative to detention that included home confinement monitored/enforced by private security funded by ALEXANDER and his family.  Although the Court is wary of bond conditions that would promote a two-tiered system of justice—one that would release the wealthy to home confinement but detain those who could not afford private security to monitor/enforce their home confinement—the Court has considered ALEXANDER's proposal.  The Court finds, however, that that proposed option, as well as variants of that option, simply could not reasonably assure ALEXANDER's appearance as required given the particular circumstances present in this case.  Based on the evidence presented, the Court finds that, even considering ALEXANDER's proposal, the government has met its burden to demonstrate that ALEXANDER is a serious flight risk and that no combination of conditions can reasonably assure his appearance at trial.

---

[1] Although two of Defendant ALON ALEXANDER's brothers are also charged as co-defendants in this case, the references to "ALEXANDER" in this Order are to ALON ALEXANDER.

In finding that pre-trial detention is appropriate in this case, the Court has considered the substantial weight of the evidence and the significant sentence that ALEXANDER faces. The Court notes that the weight of the evidence is quite strong, including the accounts of many victims spanning approximately two decades who come from different places and different social circles and who have provided similar accounts of their encounters with ALEXANDER and his codefendants. Moreover, ALEXANDER is facing a significant amount of prison time and is facing his first federal offense/conviction. If convicted, ALEXANDER faces a fifteen-year mandatory minimum sentence and a potential life sentence with a sentencing guidelines range of life in prison. When considering the nature and circumstances of the offense, the weight of the evidence, including the number of accusers, the extensive financial resources available to ALEXANDER, his personal and familial ties to foreign countries, including Israel and Brazil, the Court agrees with the government that the Defendant is a serious flight risk.

After consideration of all of the facts and arguments presented at the hearings in this matter, the Court finds that the government has proven by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant ALON ALEXANDER's appearance at trial and accordingly orders that he be detained.

### Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:          1/3/2024

United States Magistrate Judge